UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OA RUM HONG,<br><br>       **Plaintiff**,<br><br>v.<br><br>CESAR EGAS AND UNITED AIRLINES, INC.,<br><br>       **Defendants.** | Civil Action No. 13-3330(WJM)<br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

  Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 5.] The motion is opposed. The Honorable William J. Martini, U.S.D.J. has referred the motion to the Undersigned. The Court decides it on the papers. Fed. R. Civ. P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **denied**.

**BACKGROUND**

  This is an action for assault and battery removed to this Court on grounds of diversity jurisdiction. Plaintiff, Oa Rum Hong, is a citizen of New Jersey. (Compl.) Defendant, United Airlines, Inc. ("United"), is a Delaware corporation with its principal place of business in Illinois. (Notice of Removal) The residence of Defendant Cesar

Egas ("Egas") is in dispute.[1] Plaintiff alleges that on March 9, 2012, Egas, an employee of United, assaulted her at Newark Liberty International Airport. (Compl. ¶¶ 3-23.) On January 15, 2013, Plaintiff filed a complaint in the New Jersey Superior Court against Egas and United. The ten count complaint asserts claims against Egas for, <u>inter alia</u>, sexual assault, battery, and intentional infliction of emotional distress. (Compl. ¶¶ 1-30.) The complaint also avers causes of action under various negligence theories, as well as a claim under the doctrine of respondeat superior, against United. (Compl. ¶¶ 31-34.)[2]

On March 29, 2013, Plaintiff served a copy of the summons and complaint on an individual thought by Plaintiff to be a general manager at United named Carolyn Carvi ("Carvi").[3] Service was made on Ms. Carvi in Chicago Illinois.[4] According to United, Carvi is not and has never been an officer or employee of United, or United's registered agent for service. (Affidavit of Caitlin Drueding ("Drueding Aff.") ¶¶ 9-10; Declaration of Lauren T. Doerries ("Doerries Decl.") ¶¶ 3-5.) United has no record of receiving the

---

[1] Plaintiff's motion does not challenge the Court's jurisdiction on grounds of lack of diversity. Rather, Plaintiff seeks to remand the case due to a purported defect in United's removal of the action. It is in this context that the parties dispute Egas's citizenship. Specifically, Plaintiff maintains that Egas is a resident of New Jersey where he is presently incarcerated and where he was served with the Complaint. (Plaintiff's Brief in Support of Remand ("Pl.'s Br.") 6.) United, however, argues that Egas resided in New York prior to his incarceration and therefore is a citizen of New York, the state of his last domicile before imprisonment. (Doerries Decl. ¶ 7); (Declaration of Oliver Beiersdorf ("Beiersdorf Decl.") ¶ 4.) The merits of the parties' arguments and the citizenship of Egas will be addressed herein.

[2] Plaintiff seeks judgment in the amount of ten million dollars. (Compl.)

[3] The Affidavit of Service filed by the Plaintiff indicates that Carvi is a general manager of United Airlines Inc., d/b/a United Continental Holding, Inc. Carvi was served at Prentice Hall Corp., 33 N. LaSalle Street, Chicago, Illinois. (Affidavit of Service.)

[4] <u>See</u> n. 1.

complaint via personal service or otherwise. ( Doerries Decl. ¶ 5.) On July 15, 2013, Egas was personally served with a copy of the summons and complaint while incarcerated in New Jersey. (Plaintiff's Reply Brief ("Pl.'s Reply") 1; Affidavit of Service.)

On May 28, 2013, United removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on grounds of diversity jurisdiction. On June 27, 2013, Plaintiff moved to remand this case to state court arguing that United failed to comply with the procedural requirements for removal.[5] Specifically, Plaintiff contends that removal was untimely because United filed the notice of removal after the 30 day statutory deadline set forth in 28 U.S.C. § 1446, and was defective because United failed to obtain Egas's consent to removal. United opposes the motion contending that because United was never properly served with the complaint, the 30 day time limitation for removing a case never commenced and therefore its notice of removal was not out of time. United maintains that service was improper because: (1) United had not been served with a copy of the summons and complaint either personally or through an agent, and (2) Plaintiff failed to file an affidavit of inquiry in accordance with New Jersey law.[6] United also contends that Egas's consent to removal was not required because Egas is not a resident of New Jersey and had not yet been served with a copy of the summons and complaint at the time of removal.

---

[5] See 28 U.S.C. § 1446.

[6] New Jersey Court Rules 4:4-4(b) and 4:4-5(b).

## DISCUSSION

### A. Removal Generally

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

### B. Procedure for Removal

Section 1446 outlines the procedures for removal. Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove the case must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The thirty day removal deadline is not triggered by "mere receipt of the complaint," but only by "formal service." Lee v. Genuardi's Family Markets, L.P., No. 10-1641, 2010 WL 2869454, *1 (D.N.J. July 19, 2010) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999)). The Supreme Court has made clear that the "'service or otherwise' language [in § 1446(b)] was not intended to abrogate the service requirement." See Lee, 2010 WL

2869454, *1 (citing Murphy, 526 U.S. at 355).[7]

Generally, pursuant to 28 U.S.C. § 1446(b), all defendants must join in or consent to removal— commonly known as "the rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). There are exceptions to the rule. One exception is when a defendant is a non-resident who has not yet been served with the complaint. See id. at 213, n. 4. Stated another way, a removing defendant need not obtain the consent of a non-resident codefendant if he has not been served at the time the notice of removal is filed. See A.B. & J.A. v. Verna Gray Charter School, 2011 WL 2149474, at *1 (D.N.J. May 11, 2011). Absent an exception, the rule of unanimity requires that all defendants "join in the notice of removal or give their consent within the thirty day period for the removal to be proper." New York Reg'l Rail Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006). Failure of all defendants to join in a notice of removal is a procedural, not jurisdictional, defect. Balazik, 44 F.3d at 213.

A district court may remand a case for a defect in the removal procedure. Lee, 2010 WL 2869454, *1 (citing PAS v. Travelers Ins.Co., 7 F.3d 349, 352 (3d Cir. 1993)); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1212-14 (3d Cir. 1991) (a case may be remanded on defect grounds for failure to file a notice of removal within the 30 day limitations period). Here, the motion to remand turns on whether there was a procedural defect in United's removal– whether the notice of removal was timely and whether

---

[7]The Supreme Court reasoned that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy, 562 U.S. at 350.

consent of all defendants was necessary.

C.  **Analysis**

1.  Timeliness of Removal

It is well-established that the 30 day removal period begins to run upon the effectuation of proper service of process.  See Murphy, 526 U.S. at 350.  Therefore, the Court must first consider whether United was properly served in order to determine if and when the 30 day time limitation for removing the case commenced.  Federal Rule of Civil Procedure 4(h) provides service upon a corporation can be made in one of two ways.  As will be demonstrated below, neither method was effectively utilized in this case.

One way service can be effected is pursuant to Rule 4(h)(1)(B) by "[personally] delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1)(B).  Plaintiff offers no evidence that she delivered a copy of the summons and complaint on any such designated person.  Quite to the contrary, the only evidence supplied by Plaintiff is an affidavit of service indicating that Plaintiff served an individual who appears to have no relationship to United whatsoever.  Indeed, Plaintiff's affidavit of service states that Plaintiff delivered the summons and complaint to Carvi, a person claimed by Plaintiff to be a general manager of United.  United, however, does not have any current or former employee by that name. (Doerries Dec. ¶ 4.)  In fact, United claims to have no knowledge at all of any person named Carvi who could have accepted service of the complaint.  (Doerries Dec. ¶¶ 4-6.) Furthermore, United offers ample evidence that the corporation reviewed its records and

that "no officer, agent or employee of United was ever served with the Complaint in [this] action." (Doerries Dec. ¶ 4.) Likewise, United's registered agent has "no record of receiving via personal service or otherwise any documents directed to United" in this case. (Drueding Aff. ¶¶ 9-10.)[8]

Plaintiff, as the party asserting the validity of the purported service, bears the burden of proof. See Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). Plaintiff has failed to carry her burden. For the limited purpose of this motion only, the Court finds that Plaintiff failed to carry her burden of showing that delivery of the summons and complaint complied with Rule 4(h).

A second way to make service is pursuant to Rule 4(h)(1)(A) which provides for service in a manner prescribed by Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located...." Fed. R. Civ. P. 4(e)(1). New Jersey law prescribes a manner for effecting personal service on a corporation outside of New Jersey. See N.J.Ct.R. 4:4-4(b)(1); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 602 (D.N.J. 2003). Under New Jersey's long arm statute, effecting service on an out-of-state defendant requires that the serving party first investigate the possibility of personal service on the defendant in New Jersey. If service cannot be made within the state, Plaintiff must provide an affidavit explaining in detail that "despite diligent effort and inquiry personal service cannot be

---

[8] United's registered agent for process also has no current or former employee named Carvi to whom the summons and complaint could have been served. (Drueding Aff. ¶ 9.) It bears noting that the address in Chicago, Illinois at which service was purportedly made is not the address of United's registered agent. (Drueding Aff.¶¶ 9-10.)

made" in New Jersey. See N.J.Ct.R. 4:4-4(b)(1).

The Court finds that Plaintiff has failed to serve United in conformity with New Jersey law. Plaintiff attempted to serve United—a non-resident defendant—outside of New Jersey by delivering a copy of the summons and complaint to a person located in Chicago, Illinois. Even if Plaintiff had delivered a copy of the complaint to a person eligible to accept service on United's behalf in Illinois,[9] it appears that Plaintiff failed to comply with New Jersey's long arm statute as there is no proof she first investigated effecting personal service in New Jersey. Indeed, Plaintiff has provided no information to allow the Court to find that she conducted a diligent inquiry as to whether United could have been served within the state. The record is devoid of an affidavit of inquiry as required for effective service under the New Jersey Rules of Court. See N.J.Ct.R. 4:4-4(b)(1). See Advanced Surgery Ctr. v. Conn. Gen. Life Ins., Co., No. 12-2715, 2012 WL 3598815(D.N.J. July 31, 2012) (citing Burgos v. Int'l Vacation Club, Ltd., L-1721-09, 2012 WL 787385 (N.J. Super. App. Div. Mar. 13, 2012)) (the filing of an affidavit of inquiry is not a mere technicality; it is a mandatory jurisdictional requirement).[10]

Plaintiff argues that even if service was not proper, any alleged defect in service is

---

[9] Similar to the federal rule governing personal service, New Jersey law provides that a plaintiff initiating a lawsuit against a defendant that is a corporation is required to serve "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation." N.J.Ct.R. 4:4-4(a)(6).

[10] Plaintiff's reply brief indicates that Plaintiff's process server is "ready to provide [an] affidavit of inquiry." However, no such document has been provided for the Court's review. Counsel for United, however, did submit a copy of the Essex County Docket identifying all documents that had been filed by Plaintiff with the Superior Court of New Jersey as of May 28, 2013. The Essex County Docket does not indicate that an affidavit of inquiry had been filed. (Beiersdorf Decl. Ex. A.)

"technical" rather than ""substantial" and does not defeat the Court's jurisdiction.[11] Plaintiff states that "defendant received the summons personally." (Pl.'s Br. 5.) Plaintiff contends that because United had notice of the lawsuit and was given the opportunity to respond,[12] it was bound by the 30 day statutory deadline. Plaintiff cites no binding law to support this position. Rather, under the relevant case law, the 30 day period for removal only begins to run upon completion of formal service—which apparently did not occur here. See e.g., Lee v. Genuardi's Family Markets, L.P., No. 10-1641, 2010 WL 2869454, *1 (D.N.J. July 19, 2010) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999)). Therefore, the Court finds that for the limited purpose of this motion, the thirty day removal period did not commence, and consequently United's notice of removal was timely filed.

    2. Consent of Egas

United argues that Egas's consent to removal was not necessary. United contends that an exception to the rule of unanimity applies here – that a removing defendant need not obtain the consent of a non-resident codefendant that has not been served at the time of removal. Specifically, United maintains that at the time it filed its notice of removal

---

[11] Plaintiff relies on Rosa v. Araujo, 260 N.J. Super. 458 (App. Div. 1992) in support of her position that any defect in service does not defeat jurisdiction. Plaintiff's argument conflates due process, service of process and jurisdiction. The facts in Rosa were entirely different than those here. In Rosa the court considered whether actual notice of the lawsuit comported with due process in the context of a default judgment. Cf. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (1952)(rules of service must be strictly complied with; any defects are fatal and leave the court without jurisdiction).

[12] Plaintiff's statement that "defendant received the summons personally" appears to be a bald statement, unsupported by any details. (Pl.'s Br. 5.) Other than the Affidavit of Service indicating service upon Carvi, Plaintiff's submission contains no other proof that United was personally served with the summons nor does it state the date of United's purported receipt.

on May 28, 2013, Egas was a resident of New York and had not yet been served with a copy of the complaint. In support of its contention that Egas is a New York resident, United represents that its counsel spoke with Egas on or about May 15, 2013, at which time Egas confirmed that he was living in the borough of Manhattan in New York City. (Beiersdorf Decl. ¶ 4.) Additionally, according to United's records, Egas's last known address was in New York City. (Doerries Dec. ¶ 7.) United also conducted a public records search which indicated that Egas's address from December 2001 to July 2013 was New York. (Sur-reply of United and attachment.)

Plaintiff, on the other hand, argues that Egas is a resident of New Jersey and therefore his consent to removal was necessary. Egas is presently incarcerated in Newark, New Jersey. Plaintiff was served with the complaint on July 15, 2013 while incarcerated. (Pl.'s Reply Ex. A.) Pointing to these facts, Plaintiff maintains that Egas is presumed to be a New Jersey resident. (Pl.'s Reply 2.)

A prisoner is generally deemed to be a resident of "[his] place of domicile immediately before incarceration." Keys v. Dep't of Justice, Nos. 07-1683, 07-4573, 2008 WL 2973869, at *2 (3d Cir. Aug. 5, 2008); see also Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1972) ("[o]ne does not change his residence to the prison by virtue of being incarcerated there). United has offered ample evidence to demonstrate that Egas resided in New York prior to his incarceration. By contrast, Plaintiff has offered little in the way of demonstrating that Plaintiff resided in New Jersey before his imprisonment there. In fact, it is only the vague allegation in the complaint that Egas "is residing at [an] unknown address in New Jersey" that would even suggest he may have lived in the state

at one time.  The Court finds that United has carried its burden and concludes that Egas is a resident of New York.  Accordingly, United was free to remove the case without joining Egas in the notice of removal or obtaining his consent.

## CONCLUSION

For the reasons stated above, the motion to remand should be **denied**.

s/Mark Falk  
**MARK FALK**  
**United States Magistrate Judge**

**Dated: September 6, 2013**